**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER LIPSEY, | No. 18-16506 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00896-AWI-EPG |
| v. | |
| M. GUZMAN, Psych Tech at Corcoran State Prison, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

California state prisoner Christopher Lipsey appeals pro se from the district

court's judgment in his action brought under 42 U.S.C. § 1983 and the Americans

with Disabilities Act ("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Lipsey's action because Lipsey failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *see also Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (elements of a free exercise claim); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (elements of a claim under Title II); *Allen v. City of Sacramento*, 183 Cal. Rptr. 3d 654, 675-76 (Ct. App. 2015) (elements of a claim under the Bane Act, Cal. Civ. Code § 52.1).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**